IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.   3:13-2429-TLW |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF SOUTH CAROLINA by and through the DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, the United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA") and the State of South Carolina, by and through the Department of Health and Environmental Control ("DHEC") ("State"), file this complaint and allege as follows:

## NATURE OF ACTION

1.  This is a civil action for penalties and injunctive relief brought under Sections 309(b) and (d) of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. §§ 1319(b) and (d), and under S.C. Code §§ 48-1-50(4) and 48-1-330 of the South Carolina Pollution Control Act ("SCPCA"), against the City of Columbia, South Carolina ("Columbia"), for discharges of

1

pollutants from at least May 1, 2008 through the date this Complaint is filed, including discharges of pollutants from unpermitted point sources, in violation of § 301 of the Act, 33 U.S.C. § 1311, and for violations of effluent limitations and other conditions established in the National Pollutant Discharge Elimination System ("NPDES") permits issued to Columbia by EPA, and by DHEC pursuant to its EPA-approved permit program, under Section 402 of the Act, 33 U.S.C. § 1342.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to Section 309(b) of the Act, 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355, and jurisdiction over the parties. This Court has supplemental jurisdiction over South Carolina's state law claims under the SCPCA pursuant to 28 U.S.C. § 1367(a) because the state law claims are related to the federal law claims and form part of the same case or controversy.

3. The United States has authority to bring this action on behalf of the Administrator of EPA ("Administrator") under Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519. DHEC has the authority to bring this suit on behalf of the State of South Carolina in accordance with S.C. Code § 48-1-50(4) and the common law of South Carolina.

4. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. §§ 1391(b) and 1395(a) because it is the judicial district in which Columbia is located and in which the alleged violations occurred.

5. Notice of the commencement of this action has been provided to the State of South Carolina pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and DHEC has joined as a co-Plaintiff, in accordance with Section 309(e) of the Act, 33 U.S.C. § 1319(e).

**DEFENDANT CITY OF COLUMBIA**

6.      Defendant Columbia was incorporated in 1854 and is a "city" within the meaning of the laws of the State of South Carolina. Columbia is also a "municipality" as that term is defined by Section 502(4) of the Act, 33 U.S.C. § 1362(4). Columbia is responsible for the operation and maintenance of a wastewater treatment plant and approximately 1,100 miles of gravity sewer lines, 38 miles of pressurized force mains, 66 pump stations, and 25,000 manholes. Columbia operates its sewage collection and treatment system pursuant to a NPDES permit issued under Section 402(b) of the Act, 33 U.S.C. § 1342 and S.C. Code § 48-1-50(5), authorizing the discharge of treated sewage to an outfall at the Congaree River. Columbia collects, transports, and treats sewage from its corporate city areas and from unincorporated areas of Richland County, Lexington County, the City of West Columbia, and Fort Jackson. Columbia also sends sewage to a treatment plant located in and owned by East Richland County Public Service District.

**CLEAN WATER ACT AND SOUTH CAROLINA POLLUTION CONTROL ACT STATUTORY REQUIREMENTS**

7.      Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the "discharge" of "any pollutant" by any person into waters of the United States except in compliance with that section and other sections of the Act, and in compliance, where applicable, with a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

8.      Similarly, S.C. Code § 48-1-90(A)(1) of the SCPCA makes it unlawful to "discharge into the environment of the State organic or inorganic matter, including sewage, . . . except as in compliance with a permit issued by [DHEC]" pursuant to S.C. Code § 48-1-50(5).

9. Section 402(a) of the Act, 33 U.S.C. § 1342(a), provides that the permit-issuing authority may issue a NPDES permit which authorizes the discharge of any pollutant, but only in compliance with the applicable requirements of Section 301 of the Act, 33 U.S.C. § 1311, and such other conditions as the Administrator determines are necessary to carry out the provisions of the Act.

10. Section 402(b) of the Act, 33 U.S.C. § 1342(b), provides that EPA may approve a state NPDES permitting program within its jurisdiction. The State, through DHEC, is authorized to issue NPDES permits in South Carolina, and does so in accordance with S.C. Code § 48-1-50.

11. Section 308 of the Act, 33 U.S.C. § 1318, and S.C. Code § 48-1-50(22), authorize EPA and DHEC to require inspection and monitoring to determine compliance with the Act, the SCPCA, and NPDES permits through Discharge Monitoring Reports ("DMRs") and quality assurance requirements. Data submitted on DMRs must accurately reflect the pollutants in, and toxicity of, the discharges of the permittee.

12. Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the Act, 33 U.S.C. § 1311, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. SCPCA provides similar authority to DHEC. S.C. Code § 48-1-50(4).

13. Section 309(d) of the Act, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $25,000 per day for each violation. This maximum civil penalty

amount has been increased to $32,500 per day for each violation that occurs between March 15, 2004 and January 12, 2009 and to $37,500 per day for each violation that occurs after January 12, 2009.  40 C.F.R. § 19.4.

14.    The SCPCA provides that any person that [state the prohibited action] is subject to a civil penalty of up to $10,000 per day for each day during which the act or omission continues.  S.C. Code § 48-1-330.

## **GENERAL ALLEGATIONS**

15.    The City of Columbia is a "municipality" as that term is defined by Section 502(4) of the Act, 33 U.S.C. § 1362(4), because it is a city created by or pursuant to South Carolina law and has jurisdiction over disposal of sewage, industrial wastes, or other wastes.

16.    Columbia is a "person" as that term is defined in Section 502(5) of the Act, 33 U.S.C. § 1362(5), because it is a municipality.  Similarly, Columbia is a "person" as that term is defined by S.C. Code § 48-1-10(1), because it is a municipality.

17.    At all times relevant herein, Columbia has operated and maintained the Columbia Metro Wastewater Treatment Plant ("WWTP") and an associated sanitary sewer collection and transmission system (the "sanitary sewer system"), which receive and treat wastewater from residential, commercial, and industrial sources within Columbia and surrounding areas.  The sanitary sewer system includes gravity sewer lines, force mains, pump stations, and manholes.

18.    The WWTP and sanitary sewer system are point sources within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), and S.C. Code § 48-1-10(23), which define "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock,

concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged."

19.     During the times relevant herein, Columbia has discharged one or more "pollutants," as defined in Section 502(6) of the Act, 33 U.S.C. § 1362(6), including, but not limited to, sewage, from its WWTP to the Congaree River.

20.     During the times relevant herein, Columbia has discharged one or more pollutants, including, but not limited to, sewage, from its sanitary sewer system to the Broad, Saluda, and Congaree Rivers and/or other perennially flowing water bodies that flow into these rivers within the following watersheds: the Congaree Watershed (Hydrologic Unit Code 03050110), the Saluda Watershed (Hydrologic Unit Code 03050109), and the lower Broad Watershed (Hydrologoic Unit Code 03050106).  The waters described in this Paragraph are hereinafter collectively referred to as "Columbia area waters."

21.     "Columbia area waters" are "navigable waters" under Section 502(7) of the Act, 33 U.S.C. § 1362(7) and 40 C.F.R. § 122.2, meaning they are waters of the United States.

22.      "Columbia area waters" are the "environment" under S.C. Code § 48-1-10(20) because they are "waters" of the State under S.C. Code § 48-1-10(2), meaning "lakes, bays, sounds, ponds, impounding reservoirs, springs, wells, rivers, streams, creeks, estuaries, marshes, inlets, canals, the Atlantic Ocean within the territorial limits of the State and all other bodies of surface or underground water, natural or artificial, public or private, inland or coastal, fresh or salt, which are wholly or partially within or bordering the State or within its jurisdiction."

23.     At all times relevant herein, Columbia has "discharged pollutants" within the meaning of Section 301(a) of the Act, 33 U.S.C. § 1311(a), from "point sources" within the

meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), into "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

24. At all times relevant herein, Columbia has discharged "sewage" within the meaning of S.C. Code § 48-1-10(4), into "waters" within the meaning of S.C. Code § 48-1-10(2).

25. Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), on July 26, 2006, EPA issued NPDES permit NO. SC0020940 to Columbia for the WWTP ("EPA NPDES Permit"). This permit became effective on September 1, 2006. It continued in effect until November 1, 2010. On September 14, 2010, DHEC issued NPDES permit NO. SC0020940 to Columbia for the WWTP ("DHEC NPDES Permit"). This permit became effective on November 1, 2010 and is currently in effect. The two permits are referred to collectively herein as the "NPDES Permits."

26. At all times relevant herein, Columbia has had a NPDES permit authorizing it to discharge treated municipal wastewater from its WWTP to the Congaree River, subject to certain limitations and conditions set forth in such NPDES permit.

### FIRST CLAIM FOR RELIEF
### UNPERMITTED DISCHARGES FROM SANITARY SEWER SYSTEMS

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. On numerous occasions between May 1, 2008 and the date this complaint was filed, Columbia discharged untreated sewage from points within its sanitary sewer system which were not and are not authorized by any NPDES permit.

29. The discharges referred to in Paragraph 28 involved a discharge of pollutants from a point source into navigable waters of the United States and waters of the State, within the

meaning of CWA Section 502, 33 U.S.C. § 1362, without authorization under an NPDES permit or other exception specified in Section 301(a) of the Act, 33 U.S.C. § 1311(a), in violation of CWA Section 301, 33 U.S.C. § 1311.

30. The discharges referred to in Paragraph 28 involved a discharge of sewage into waters of the State, within the meaning of S.C. Code §§ 48-1-10(4) and 48-1-10(2) not in compliance with a permit issued by DHEC, in violation of S.C. Code § 48-1-90(A)(1).

31. Each day of unpermitted discharges by Columbia referred to in Paragraph 28 constitutes a separate violation of CWA Section 301, 33 U.S.C. § 1311, and S.C. Code § 48-1-90(A)(1).

32. Columbia is liable for a civil penalty of up to $32,500 per day for each violation of CWA Section 301, 33 U.S.C. § 1311, occurring between May 1, 2008 and January 12, 2009 and $37,500 per day for each violation occurring after January 12, 2009. Under S.C. Code § 48-1-330, Columbia is liable for a civil penalty of up to $10,000 per day during which a violation of S.C. Code § 48-1-90(A)(1) occurred.

33. Unless restrained by an order of the Court, Columbia will continue to violate CWA Section 301, 33 U.S.C. § 1311, and S.C. Code § 48-1-90(A)(1), by discharging untreated sewage from unpermitted discharge points within its sanitary sewer system into "Columbia area waters."

## SECOND CLAIM FOR RELIEF
## FAILURE TO COMPLY WITH OPERATION AND MAINTENANCE PERMIT CONDITION

34. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

35. The NPDES Permits issued by EPA and DHEC require Columbia at all times to

8

properly operate and maintain in good working order "all facilities and systems of treatment and control (and related appurtenances) . . . which are installed or used by the permittee to achieve compliance" with the terms and conditions of the permits. EPA NPDES Permit Part II-B-1; DHEC NPDES Permit Part II-E-1.

36. Columbia's sanitary sewer system is a facility and system of treatment and control which was installed, and is and was used by Columbia, to achieve compliance with the terms and conditions of the NPDES Permits.

37. On numerous occasions between May 1, 2008 and the date this Complaint was filed, untreated sewage, including and in addition to the discharges alleged in Paragraphs 20 and 28, was discharged from various points of Columbia's sanitary sewer system.

38. On numerous occasions between May 1, 2008 and the date this Complaint was filed, Columbia violated the operation and maintenance provisions of the NPDES Permits by failing to adequately operate and maintain its sanitary sewer system.

39. Columbia's failure to comply with the operation and maintenance provisions of the NPDES Permits resulted in the discharges referred to in Paragraph 36.

40. Each day Columbia failed to comply with the operation and maintenance provisions of the NPDES Permits constitutes a separate violation of the NPDES Permits and of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, and S.C. Code 48-1-90(A)(1).

41. Under CWA Section 309(d), 33 U.S.C. § 1319(d), Columbia is liable for a civil penalty of up to $32,500 per day for each violation of its NPDES permits occurring between May 1, 2008 and January 12, 2009 and $37,500 per day for each violation occurring after January 12, 2009. Under S.C. Code § 48-1-330, Columbia is liable for a civil penalty of up to $10,000 per

day during which a violation of its permits occurs.

42.     Unless restrained by an order of the Court, Columbia will continue to violate its current NPDES permit by failing to properly operate and maintain its sanitary sewer system.

### THIRD CLAIM FOR RELIEF
### DISCHARGES IN VIOLATION OF EFFLUENT LIMITATIONS

43.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

44.     The NPDES Permits issued by EPA and DHEC establish certain limitations and conditions on the mass and concentration of pollutants Columbia may discharge from its WWTP during specific periods of time. EPA NPDES Permit Part I-A; DHEC NPDES Permit Part III-A.

45.     Between May 2008 and the date this Complaint was filed, Columbia discharged pollutants from the WWTP that resulted in violations of the effluent limitations and conditions of the NPDES Permits, including, but not limited to, the following limitations: the daily maximum of fecal coliform (#/100ml); the monthly geometric mean of fecal coliform (#/100ml); the daily minimum of oxygen (mg/L); the monthly average of ammonia (mg/L); the weekly average of ammonia (mg/L); the monthly average of total suspended solids ("TSS") (mg/L and lb/day); the weekly average of TSS (mg/L and lb/day); the monthly minimum percentage removal of TSS; the daily maximum of total residual chlorine ("TRC") (mg/L); the monthly average of biochemical oxygen demand ("BOD5") (mg/L); the weekly average of BOD5 (mg/L); the monthly average percentage removal of BOD5; and pH.

46.     Each day of each discharge of a pollutant by Columbia in violation of the effluent limitations and conditions established in its NPDES Permits is a separate violation of those NPDES Permits and of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, and S.C. Code

48-1-90(A)(1).

47.     Under CWA Section 309(d), 33 U.S.C. § 1319(d), Columbia is liable for a civil penalty of up to $32,500 per day for each violation of its permits occurring between May 1, 2008 and January 12, 2009 and $37,500 per day for each violation occurring after January 12, 2009. Under S.C. Code § 48-1-330, Columbia is liable for a civil penalty of up to $10,000 per day during which a permit violation occurs.

48.     Unless restrained by an order of the Court, Columbia will continue to violate the effluent limitations and other conditions of its current NPDES permit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of South Carolina, request that the Court enter judgment on their behalf as follows:

A.     Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and to S.C. Code § 48-1-50(4), order Columbia to undertake a program to achieve permanent and consistent compliance with all terms and conditions of its current NPDES permit, the Clean Water Act, the SCPCA, and the regulations promulgated thereunder for its WWTP, including the WWTP's associated sanitary sewer collection and transmission system;

B.     Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), assess civil penalties against Columbia of up to $32,500 per day for each day of violation that occurred between April 1, 2008 and January 12, 2009, and a penalty of up to $37,500 per day for each violation of its permit occurring on or after January 12, 2009, and pursuant to S.C. Code § 48-1-330, assess civil penalties of up to $10,000 per day during which Columbia violated its permit.

C.     Grant the United States and South Carolina such other relief as the Court deems

appropriate.

          Respectfully submitted,

          WILLIAM N. NETTLES
          UNITED STATES ATTORNEY


By: *s/Beth Drake*
   Beth Drake (#5598)
   First Assistant United States Attorney
   1441 Main Street, Suite 500
   Columbia, SC 29201
   Telephone (803) 929-3000
   Beth.Drake@usdoj.gov


   ROBERT G. DREHER
   Acting Assistant Attorney General
   Environment and Natural Resources Division
   United States Department of Justice

   AMY R. GILLESPIE
   Trial Attorney
   North Carolina Bar No. 20511
   Environment and Natural Resources Division
   United States Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 616-8754 – telephone
   (202) 514-0097 – fax
   Amy.Gillespie@usdoj.gov


OF COUNSEL:

PAUL SCHWARTZ
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(404) 562-9576

CAROL LYNN DEMARCO
U.S. EPA
Office of Enforcement and Compliance Assurance
Water Enforcement Division
1200 Pennsylvania Ave., NW
Washington, DC  20460
(202) 564-2412

**ATTORNEYS FOR THE UNITED STATES OF AMERICA**

*s/Jacquelyn S. Dickman*
Jacquelyn S. Dickman (#536)
South Carolina Bar No. 1681
Deputy General Counsel
South Carolina Department of
Health and Environmental Control
dickmajs@dhec.sc.gov

OF COUNSEL:

Roger P. Hall
South Carolina Bar No. 74023
Senior Counsel
South Carolina Department of
Health and Environmental Control
2600 Bull Street
Columbia, SC  29201
Telephone (803) 898-3350
Fax (803) 898-3367
hallrp@dhec.sc.gov

**ATTORNEYS FOR THE SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL**

13